UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY PAUL MURRAY,<br>    Petitioner,<br>  v.<br>J. LOZANO,<br>    Respondent. | Case No. 20-cv-00471-HSG<br><br>**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 3 |

Petitioner, a state prisoner incarcerated at California Medical Facility, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from Monterey County Superior Court. Dkt. No. 1 at 1. His request to proceed *in forma pauperis* is GRANTED. Dkt. No. 3

**BACKGROUND**

In 2017, petitioner was convicted by a Monterey County jury of possession of a firearm by a felon (Cal. Pen. Code § 29800(a)(1)), possession of ammunition by a felon (Cal. Pen. Code § 30305 (a)(1)), possession of cocaine for sale (Cal. Health & Saf. Code § 11351), possession of heroin for sale (Cal. Health & Saf. Code § 11351), possession of methamphetamine for sale (Cal. Health & Saf. Code § 11378), three counts of possession of a controlled substance while armed with a firearm (Cal. Health & Saf. Code § 11370.1(a)); assault with a semiautomatic firearm (Cal. Pen. Code § 245 (b)), shooting at an inhabited dwelling (Cal. Pen. Code § 246), shooting at an unoccupied vehicle (Cal. Pen. Code § 247(b)), and discharging a firearm with gross negligence (Cal. Pen. Code § 246.3(a)).  The jury also found true allegations that defendant was armed with a firearm (Cal. Pen. Code § 12022(c)) in the commission of the three counts involving possession for sale of narcotics, and that defendant personally used a firearm (Cal. Pen. Code § 12022.5(a)) in

the commission of the assault, shooting, and firearm discharge counts. The trial court sentenced defendant to 15 years and 8 months in prison. *People v. Murray*, No. H046866, 2019 WL 5387923, at *1 (Cal. Ct. App. Oct. 22, 2019); Pet. at 1-2. Petitioner appealed and the appellate court reversed the judgment and remanded the matter to the trial court for the limited purpose of correcting a clerical error regarding custody credits, and to allow the trial court to consider whether to exercise its newly enacted discretion to strike the section 12022.5 enhancement under section 1385. The trial court corrected the clerical error regarding custody credits and, on March 21, 2019, the trial court declined to strike the enhancement and reinstated the sentence. *Murray*, 2019 WL 5387923, at *1. On April 29, 2019, petitioner again appealed the conviction and sentence, and the state appellate court denied both the appeal and the separate habeas petition on October 22, 2019. 2019 WL 5387923. Petitioner reports that, in 2018, the California Supreme Court denied his petition for review. He also reports that he currently has a petition for a writ of habeas corpus pending in the California Supreme Court. Dkt. No. 1 at 3-4.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Claims

Petitioner alleges the following grounds for federal habeas relief: (1) numerous instances of ineffective assistance of trial counsel, (2) instructional error in giving an instruction regarding mutual combat; and (3) violation of the Double Jeopardy clause when the trial court failed to stay two of the possession for sale convictions pursuant to Cal. Penal Code § 654. Liberally construed,

the claims appear cognizable under § 2254 and merit an answer from respondent.[1] *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  Petitioner's request to proceed *in forma pauperis* is GRANTED. Dkt. No. 3.

2.  The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner.

3.  Respondent shall file with the Court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30) days** of the date the answer is filed.

4.  Respondent may file, within **sixty (60) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

---

[1] Given petitioner's statement that he has a writ for a petition of habeas corpus still pending in the California Supreme Court, it is unclear if he has exhausted his state remedies as required by 28 U.S.C. § 2254(b).

3

5.     Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6.     Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Dkt. No. 3.

**IT IS SO ORDERED.**

Dated:  4/29/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge