UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY PAUL MURRAY,<br>    Petitioner,<br>    v.<br>J. LOZANO,<br>    Respondent. | Case No. 20-cv-00471-HSG<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 11 |

Petitioner, a state prisoner incarcerated at California Medical Facility, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is petitioner's request for appointment of counsel. Dkt. No. 11. Petitioner requests counsel on the grounds that he is indigent and unable to afford counsel, so that his "interests may be protected by the professional assistance required," and because Cal. R. Ct. 4.551(c)(2) requires that counsel be appointed for indigent petitioners upon request. Dkt. No. 11 at 1-2. Petitioner's request is DENIED for the following reasons.

The California Rules of Court govern cases filed in California state courts, and do not apply in federal habeas actions. While there is a Sixth Amendment right to counsel, it does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual

questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  *See Chaney*, 801 F.2d at 1196.

Petitioner's request for appointment of counsel is denied because the record does not indicate that justice requires the appointment of counsel.  Petitioner has adequately presented the issues in this action.  This case does not appear to be factually complex, and does not require expert testimony or further factual investigation.  The Court therefore exercises its discretion and DENIES petitioner's request for appointment of counsel without prejudice to *sua sponte* appointing counsel if circumstances so require.  *See, e.g., LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (no abuse of discretion in denying appointment of counsel where pleadings illustrated that petitioner had good understanding of issues and ability to present forcefully and coherently his contentions); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (no abuse of discretion in denying request for appointment of counsel where petitioner was over 60 years of age and had no background in law, but he thoroughly presented issues in petition and accompanying memorandum).

For the foregoing reasons, the Court DENIES petitioner's request for appointment of counsel.

This order terminates Dkt. No. 11.

**IT IS SO ORDERED.**

Dated:  6/15/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

2